W. H. DAIL PLUMBING, INC. v. ROGER BAKER AND ASSOCIATES, INC., AND J. GORDON FISHER AND WIFE, SHIRLEY C. FISHER

No. 8215SC1219

(Filed 1 November 1983)

**Laborers' and Materialmen's Liens § 8— enforcement of blanket lien against one unit of multi-unit condominium project inequitable**

> The trial court erred by entry of summary judgment allowing plaintiff to enforce the full amount of a blanket lien against a single unit in a multi-unit condominium project. Each unit should be liable only for its proportionate share based upon the materials and labor furnished to that unit, and its proportionate share of labor and materials furnished the common area, under the contract that is the subject of a lien.

APPEAL by defendants J. Gordon Fisher and Shirley C. Fisher from *Clark (Giles R.), Judge.* Judgment entered 23 August 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 18 October 1983.

This is a civil action wherein the plaintiff filed a claim of lien against the Estes Park Office Condominium project (hereinafter Project) in the sum of $13,718.16. Plaintiff then brought suit against Roger Baker and Associates, Inc. (hereinafter Baker) and J. Gordon Fisher and wife Shirley C. Fisher seeking to enforce the lien.

The evidence tended to show the following: Dail and Baker entered into a contract whereby Dail agreed to furnish all plumbing equipment, material and labor for Baker's project at a contract price of $39,500. Acting pursuant to the contract, Dail installed a sewage system, a roof drainage system, a water cooler, service sinks and a water heating system that would serve all the units of the project. Dail also installed bathroom facilities in each project unit that were integrated with the project's system.

Baker agreed to pay Dail on a monthly basis for wages and materials expended on the project. Baker paid all amounts due through 12 August 1981; however, it failed to pay $2,500 due on 25 August 1981, $11,000 due on 29 September 1981, and $218.61 due on 29 September 1981, leaving an unpaid balance of $13,718.61.

On 10 September 1981, pursuant to a properly recorded declaration of unit ownership, Baker conveyed Unit 104 of the project to the Fishers. A claim of lien was filed on 28 December 1981, and a suit seeking a judgment to enforce the lien was filed on 5 March 1982. Baker declared bankruptcy. Dail, after completing discovery, moved for summary judgment against the Fishers, seeking to have its claim of lien declared a lien against defendants' single unit in the total amount of $13,719.61.

Dail submitted affidavits outlining the work it had performed and alleging that the work was performed in a workmanlike and satisfactory manner. The affidavits further alleged that Dail was still owed $13,718.61 under the contract between Dail and Baker. The Fishers submitted counter affidavits alleging that Dail had been substantially paid for the work performed on Unit 104 of the

project, and that the unpaid balance represented work performed to benefit the entire project as well as Dail's profit under the contract.

After considering the pleadings, discovery, and affidavits, the trial court entered an order granting summary judgment which in pertinent part provides:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that W. H. Dail Plumbing, Inc., has a lien against the right, title, and interest of J. Gordon Fisher and wife, Shirley C. Fisher, in Unit 104 and their undivided interest in the common areas and facilities of the Estes Office Park . . . and the lien shall be in the amount of $13,719.61, with interest thereon at the legal rate from and after October 10, 1981, to the date of satisfaction of this lien, and Unit 104 and its share of undivided interest in the common areas and facilities shall be sold and the proceeds applied to satisfy this lien; . . .

> . . .

From that judgment the Fishers appealed.

*Boxley, Bolton & Garber, by Ronald H. Garber, for the plaintiff, appellee.*

*Mount, White, King, Hutson, Walker & Carden, P.A., by Lillard H. Mount and Daniel E. Garner, for the defendants, appellants.*

HEDRICK, Judge.

The issue presented is whether the trial court erred by entry of summary judgment allowing Dail to enforce the full amount of its lien against a single unit in a multi-unit condominium project.

> As a broad general legal principle, it has frequently been held or recognized that a single blanket mechanic's lien upon or against several lots or properties for a total sum due to the claimant for labor or materials furnished thereto by him may not ordinarily, and in the absence at least of some showing of proper apportionment, be enforced against less than all of such tracts or parcels.

Annot. 68 A.L.R. 3d 1300, 1303. This principle has been adopted by several states, including Montana and Florida. The Supreme

Court of Montana in *Hostetter v. Inland Dev. Corp. of Montana*, 172 Mont. 167, 175, 561 P. 2d 1323, 1328 (1977) stated: "[I]t would be inequitable to burden some lesser portion of the liened premises with charges for labor and materials which were not actually furnished to that particular parcel. Consequently, this single lien, proportionately effective against each unit, would only be enforceable against each unit proportionately." The Florida District Court of Appeals, in dealing with the enforcement of a blanket lien against a condominium project stated: "However, the most equitable result would be accomplished by making each condominium unit liable only for its pro rata share based upon its pro rata interest in the condominium property as set forth in the declaration of condominium. . . ." *Southern Colonial Mortg. Co., Inc. v. Medeiros*, 347 So. 2d 736, 739-40 (Fla. Dist. Ct. App. 1977).

An examination of North Carolina law also reveals support for the majority rule. In *Chadbourn v. Williams*, 71 N.C. 444 (1874), plaintiff filed a lien for materials furnished to defendant. The materials were used to construct structures on two lots. The defendant sought to have the lien apportioned between the two parcels. The Supreme Court declined to require apportionment in that particular case, but said:

> If the two lots had been sold or mortgaged to different persons, it might be necessary as between them, and to settle their respective liabilities to contribution, to ascertain as well as could be, the value of the materials used on each lot. . . . In this case as the Association is the assignee of the whole property subject to the plaintiff's lien, it can scarcely be material to distribute the burthen [archaic] between the several lots. If it becomes material, that can hereafter be done.

*Id.* at 448.

A condominium unit is a separate tract of property, distinct from the other units within the project. *See* N.C. Gen. Stat. Sec. 47A-5. When the condominium units are owned by different parties, the portion of the blanket lien applicable to each separate unit becomes material. It would be grossly inequitable to allow a blanket lien holder to enforce the entire lien against one unit of a multi-unit condominium project. Each unit shall be liable only for its proportionate share based upon the materials and labor fur-

nished to that unit, and its proportionate part of labor and materials furnished the common area, under the contract that is the subject of the lien.

Thus the trial court erred in granting summary judgment for the plaintiff declaring the full amount of the lien to be enforceable against defendants' single unit. While the evidence in the record sufficiently establishes that plaintiff is entitled to have a portion of its claim of lien declared a lien against defendants' single unit, there remains a genuine issue as to what amount of the total claim of lien is to be declared a lien against the Fishers' Unit 104.

For the reasons stated summary judgment declaring the total amount of the claim of lien to be a lien against defendants' Unit 104 is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

Judges BECTON and EAGLES concur.