IN THE MATTER OF "NOTICE OF CLAIM OF LIEN OF DANIEL W. WOODIE D/B/A DAN WOODIE CONSTRUCTION, FILED JANUARY 16, 1986, AND DOCKETED IN JUDGMENT BOOK 33, AT PAGE 167"

No. 8625SC905

(Filed 5 May 1987)

**Laborers' and Materialmen's Liens § 8.1— deposit of funds with clerk—cancellation of lien—action on contract required**

   Where funds were deposited with the clerk of court in accordance with an agreement between the parties pursuant to N.C.G.S. § 44A-16(5) that a builder's lien for labor and materials be cancelled and that the money be held by the clerk until the amount owed by the owner to the builder was finally determined, but the funds were inadvertently released to the builder, the trial court properly required the builder to return the funds and properly denied the owner's motion that the funds be released to him, although no action to enforce the lien had been filed under N.C.G.S. § 44A-13(a) within 180 days of the last furnishing of labor and materials, since the funds were controlled by the agreement rather than by N.C.G.S. § 44A-13(a), the builder's only action is to establish the amount of the owner's debt under the building contract, and the three-year statute of limitations applies to such an action.

APPEAL by respondent Michael B. Lackey from *Ferrell, Judge.* Order entered 26 June 1986 in Superior Court, CALDWELL County. Heard in the Court of Appeals 3 February 1987.

   *Michael P. Baumberger for petitioner appellee.*

   *Wilson and Palmer, by W. C. Palmer and David S. Lackey, for respondent appellant.*

PHILLIPS, Judge.

   On 16 January 1986 Daniel W. Woodie, d/b/a Dan Woodie Construction, filed a Notice of Claim of Lien in the Superior Court of Caldwell County against real property owned by Michael B. Lackey; the claim, in the amount of $11,599.74, was for the cost of labor and building materials allegedly supplied Lackey in constructing a house. On 14 February 1986, as authorized by G.S. 44A-16(5), Woodie and Lackey both executed a document entitled "Discharge of Record Lien by Cash Deposit" and the document was filed with the court on 17 February 1986. Incident to the execution and filing of this document Lackey paid $4,000.96 to Lowe's Companies, Inc. for materials included in Woodie's Notice of Claim of Lien and paid the $7,598.78 balance of Woodie's

claimed lien into the Office of the Clerk of Superior Court. The document requested the Clerk of Court to cancel the lien, which was done, and it stated in pertinent part that Lackey and Woodie had agreed that the monies Lackey had paid into court were to be held and "applied to the payment finally determined to be due as between Michael B. Lackey and Daniel W. Woodie." On or about the 10th day of March, 1986 the Clerk's office inadvertently released the funds involved to Woodie. On 6 May 1986 Lackey moved that the funds be released to him for the reason that more than 180 days had passed since the last materials and labor were furnished by Woodie, no action to enforce the lien had been filed, and G.S. 44A-13(a) provides that an action to enforce a lien against real estate cannot be commenced later than 180 days after the last furnishing of the labor or materials involved. The motion was transferred to Superior Court Judge Ferrell who found facts somewhat as above stated, required Woodie to return the money inadvertently received and denied the motion. Lackey appealed.

This appeal is unauthorized because it is from an interlocutory order that affects no substantial right in need of immediate protection. G.S. 1-277(a). Even so, the parties and the court below will be better served if the appellant's meritless contention is not left unresolved any longer, and we affirm the order appealed from. Obviously, the funds deposited with the court pursuant to the agreement of the parties are controlled by the agreement rather than by G.S. 44A-13(a); and the funds must be held by the court, as the agreement plainly provides, until the amount that Lackey owes Woodie because of the construction involved is finally determined. G.S. 44A-13(a), *which only limits the time for suing to enforce a lien on real property*, has no application to the circumstances of this case, since there is no lien on real estate that Woodie can now sue to enforce. The lien that he might have sued to enforce was cancelled and discharged both by the terms of the agreement and the provisions of G.S. 44A-16(5); and his only action now is to establish the amount of Lackey's debt under their building contract, which is governed by the three-year statute of limitations. G.S. 1-52(1).

Affirmed.

Judges BECTON and JOHNSON concur.