D.W. FLOWE & SON, INC., Plaintiff
v.
CDC, LLC, and TUCKER CHASE, LLC, Defendants
No. COA07-193
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
McNaughton & Associates, P.L.L.C., by Edward J. McNaughton, for plaintiff-appellant.
Hartsell & Williams, P.A., by Fletcher L. Hartsell, Jr. and Andrew T. Cornelius, for defendants-appellees.
CALABRIA, Judge.
D.W. Flowe & Son, Inc. ("plaintiff") appeals an order granting defendants' motion to cancel plaintiff's claim of lien on funds, dismiss the claim for lien enforcement and return defendants' cash bond. We dismiss plaintiff's appeal as interlocutory.

I. Background Information
Plaintiff is a first-tier subcontractor. Defendant CDC, LLC ("CDC") provides property development services and defendant Tucker Chase, LLC ("Tucker Chase") is the owner of "approximately 62.940 acres (less 11.3921 acres) located in the Town of Midland, Cabarrus County, North Carolina, commonly known as Tract One of theTucker Chase Subdivision" and "approximately 5.821 acres located in the Town of Midland . . . commonly known as Tract Two of the Tucker Chase Subdivision" ("the property"). Tucker Chase contracted with CDC to develop the property and with plaintiff to perform site work ("the contract"). Plaintiff's contract with Tucker Chase included erosion control, earthwork/grading, water main service, sanitary sewer, storm drainage, curb, gutter and paving work.
Plaintiff began work on the property one day after Tucker Chase entered into the contract with plaintiff, 17 May 2005. By 7 April 2006, plaintiff allegedly completed sixty-five percent of the work under the contract and Tucker Chase terminated the contract with plaintiff. On 18 May, plaintiff demanded payment in the amount of $340,576.31.
Plaintiff served a "Notice of Claim of Lien upon Funds" on 12 June 2006, and filed a "Claim of Subrogated Lien on Real Property" pursuant to the contract and N.C. Gen. Stat. §§ 44A-11, 44A-12, 44A-18, 44A-19 (2005) on 30 June 2006. Plaintiff commenced an action to enforce his claim of lien by filing a complaint on 31 August 2006. The complaint named CDC and Tucker Chase as defendants as well as seven additional parties who have an interest in the property ("additional defendants"). Plaintiff asserted four claims: (1) breach of contract against CDC and/or Tucker Chase, (2) unjust enrichment against Tucker Chase, (3) enforcement of a claim of lien on funds against CDC and Tucker Chase and (4) enforcement of a claim of lien on real property against CDC and Tucker Chase. Enforcement of the claim of lien on real property was the only claim in the complaint asserted against the additional defendants.
On 4 October 2006, Tucker Chase deposited a cash bond in the amount of $340,576.31 which cancelled plaintiff's claim of lien on the property. On 19 October 2006, plaintiff filed a "Partial Stipulation of Voluntary Dismissal and Waiver of Right to Apportionment," ("stipulation") in which plaintiff voluntarily dismissed the additional defendants "from this matter, including any and all claims, counterclaims and crossclaims therein, pursuant to the provisions of Rule 41(a) of the North Carolina Rules of Civil Procedure." Plaintiff, CDC and Tucker Chase consented in the stipulation that the cash bond deposited by Tucker Chase "shall further act to cancel Plaintiff's Claim of Subrogated Lien on Real Property filed on June 30, 2006 . . . and the corresponding Notice of Claim of Lien served on [sic] June 8, 2006, as allowed pursuant to N.C. Gen. Stat. § 44A-16(5) (2005)." CDC and Tucker Chase also consented to be liable for the full undivided amount of any judgment, if any, awarded to Plaintiff . . . and [they agreed to] waive any rights they have or may have to seek or demand the apportionment of any portion thereof, if any, paid by or from the Cash Bond, including but not limited to any claim or demand for apportionment pursuant to statute or [sic] Dial Plumbing v. Baker, 64 N.C. App. 682 (1983). . . .
On 9 November 2006, CDC and Tucker Chase filed an Answer, Motion to Cancel Lien and Dismiss Claim for Lien Enforcement, and Counterclaim of Tucker Chase. On 15 December 2006, the trial courtgranted defendants' motion and entered an order cancelling plaintiff's claim of lien on funds, dismissing enforcement of claim of lien on funds and ordering disbursement of the cash bond to Tucker Chase. Plaintiff appeals.

II. Interlocutory Appeal
Defendants argue that plaintiff's appeal is from an interlocutory order. "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). The order at issue disposed of plaintiff's claim of lien on funds. Plaintiff's contract and unjust enrichment claims against CDC and Tucker Chase as well as Tucker Chase's counterclaim against plaintiff remain undetermined.
There are two instances when a party may appeal an interlocutory order. First Alt. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 246, 507 S.E.2d 56, 60 (1998) (citations omitted). First, an interlocutory order can be immediately appealed under N.C. Gen. Stat. § 1A-1, Rule 54(b) "if the order is final as to some but not all of the claims" and "the trial court certifies that there is no just reason to delay the appeal." Id. Second, an interlocutory order may be immediately appealed pursuant to N.C. Gen. Stat. § 1-277(a) or § 7A-27(d) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." Id. "An appeal of an interlocutory order is permitted under the 'substantial right' exception of the two statutes when the interlocutory ruling deprives the appellant of a substantial right which may be lost or prejudiced if not reviewed prior to final judgment." Dalton Moran Shook, Inc. v. Pitt Development Co., 113 N.C. App. 707, 710, 440 S.E.2d 585, 588 (1994) (citation omitted).
Plaintiff concedes the order is interlocutory and argues the appeal is proper because the right to "an adequate lien on the subject matter of its labor" is a constitutionally protected right and therefore is a substantial right. We disagree.
For plaintiff to establish that the order affects a substantial right, it is not enough to merely state judicial enforcement of mechanics' liens is a "constitutionally protected right." The test is whether "enforcement of that right, absent immediate appeal, will be lost, prejudiced, or be less than adequately protected by exception to entry of the interlocutory order." Norris v. Sattler, 139 N.C. App. 409, 411-12, 533 S.E.2d 483, 485 (2000) (internal quotations omitted) (citations omitted). Since plaintiff did not meet this burden, we find this argument without merit.
Plaintiff contends that if awarded a judgment against defendants which defendants "are unable to satisfy, and the dismissal of Appellant's lien claim is later reversed, then Appellant-Plaintiff would have a right to foreclose on the real property via its mechanic's lien to satisfy any deficiency, whichwould . . . affect the rights of other parties with ownership interests in the real property." We disagree.
Plaintiff argues that the order was in error for two reasons: (1) the parties' stipulation that the cash deposit would apply to "the payment finally determined to be due" preserved plaintiff's right to the cash deposit "independent of the enforceability of [plaintiff's] claim of lien;" and (2) the claim of lien was not defective, therefore the trial court erred in ordering return of the cash deposit. Since plaintiff's appeal is interlocutory, we do not reach the merits of these arguments.
Plaintiff's right to foreclose depends upon the claim of lien on real property. N.C. Gen. Stat. § 44A-13(b) (2005). Plaintiff's claim of lien on real property was discharged upon deposit of the cash bond on 4 October 2006. George v. Hartford Accident and Indemnity Co., 330 N.C. 755, 760, 412 S.E.2d 43, 46 (1992) (depositing cash bond frees the land of the lien and relieves creditor from taking steps to protect his interest in the land); see also N.C. Gen. Stat. § 44A-16(5):
Any claim of lien on real property filed under this Article may be discharged by any of the following methods:
. . . .
(5) Whenever a sum equal to the amount of the claim or claims of lien on real property claimed is deposited with the clerk of court, to be applied to the payment finally determined to be due, whereupon the clerk of superior court shall cancel the claim or claims of lien on real property or claims of lien on real property of record.
N.C. Gen. Stat. § 44A-16(5) (2005). The order dismissing the claim of lien was entered on 15 December 2006, approximately two monthsafter plaintiff's claim of lien on real property was discharged. Plaintiff's right to foreclose on the property did not exist at the time of the order. Reversal of the order would restore the claim of lien on funds and require defendants to return the cash bond. Return of a cash bond pursuant to a claim of lien does not affect a substantial right. See In re Woodie, 85 N.C. App. 533, 534, 355 S.E.2d 163 (1987).
Plaintiff also asserts that this appeal affects a substantial right because "[o]ur Supreme Court has held that the right to avoid the possibility of two trials on the same issues can be a substantial right so as to warrant an immediate appeal . . . ." Dalton, 113 N.C. App. at 710, 440 S.E.2d at 588 (citing Green v. Duke Power Co., 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982)).
In Dalton, this Court determined that when dismissal of enforcement of a claim of lien against multiple defendants "might prejudice plaintiff's right to avoid separate trials involving the identical issues," the appeal affected a substantial right and should be heard. Id., 113 N.C. App. at 712, 440 S.E.2d at 589. In Dalton, four parcels of the property subject to plaintiff's claim of lien were sold between the time plaintiff's claim arose and the filing of the claim of lien. Id., 113 N.C. App. at 709, 440 S.E.2d at 587. Plaintiff timely filed a claim of lien on the property and perfected the claim against the principals of the contract as well as subsequent purchasers of the property. Id. The trial court granted summary judgment in favor of two defendants who were successors in interest to one of the parcels subject tothe lien. Id., 113 N.C. App. at 708-09, 440 S.E.2d at 587. Plaintiff's claim of lien action continued against the remaining defendants. This Court noted that "should plaintiff successfully enforce its lien against more than one defendant, the lien must be apportioned among the several defendants." Id., 113 N.C. App. at 711, 440 S.E.2d at 588 (citing Dail Plumbing v. Roger Baker & Assoc., 64 N.C. App. 682, 685-86, 308 S.E.2d 452, 454 (1983)). We concluded that "dismissal of the present appeal might prejudice plaintiff's right to avoid separate trials involving the identical issues." Id., 113 N.C. App. at 712, 440 S.E.2d at 589.
Dismissal of this appeal does not affect plaintiff's right to avoid separate trials for three reasons: (1) CDC and Tucker Chase waived any right to apportionment pursuant to Dail Plumbing in the stipulated dismissal filed on 19 October 2006; (2) plaintiff voluntarily dismissed the additional defendants from the suit before the order was granted; and (3) reversal of the order would result only in reinstating the lien on funds, since the claim of lien on real property was discharged prior to the order and the real property lien was the only claim plaintiff asserted against the additional defendants. The right to return of a cash bond "affects no substantial right in need of immediate protection." In re Woodie, 85 N.C. App. at 534, 355 S.E.2d at 163.

III. Conclusion
Accordingly, plaintiff is free to raise these issues after a final judgment is entered. Plaintiff's appeal is dismissed.
Dismissed.
Judges McCULLOUGH and STEPHENS concur.
Report per Rule 30(e).