KIMETHA RENA McNEIL, Plaintiff v. KIMBERLY RAY HICKS and ALLSTATE INSURANCE COMPANY, Defendants

No. 9221SC757

(Filed 20 July 1993)

**Appeal and Error § 119 (NCI4th)— partial summary judgment granted—certified for appeal—interlocutory**

An appeal was dismissed as interlocutory where a partial summary judgment was granted for plaintiff on the issue on uninsured motorist coverage by defendant Allstate, Allstate appealed, and the trial judge certified his order for immediate appeal. Such certification is not dispositional when the order appealed from is interlocutory. The avoidance of one trial is not a substantial right entitling a party to an immediate appeal from an interlocutory order; Allstate will not lose its

McNEIL v. HICKS

[111 N.C. App. 262 (1993)]

right to appeal if and when plaintiff is awarded damages for which Allstate might be liable.

**Am Jur 2d, Appeal and Error § 104.**

Appeal by defendant from judgment entered 29 May 1992 in Forsyth County Superior Court by Judge Howard R. Greeson, Jr. Heard in the Court of Appeals 9 June 1993.

On the morning of 20 February 1991, plaintiff drove her vehicle to the intersection between Utah Drive (Rural Paved Road 2712) and Cole Road (Rural Paved Road 2699) in Forsyth County, North Carolina, and came to a full stop at the stop sign on Utah Drive. As plaintiff's vehicle sat stopped on Utah Drive, it was struck on the driver's side by a vehicle driven by Kimberly Ray Hicks. At the time of the collision, Ms. Hicks was traveling south on Cole Road at approximately 35 miles per hour. As she approached Cole Road's intersection with Utah Drive, Ms. Hicks negotiated a curve approaching the intersection and lost control of her vehicle as she travelled on the western shoulder of Cole Road, striking plaintiff's vehicle. Plaintiff suffered property damage to her vehicle and serious personal injuries as a result of the crash.

After the accident, Ms. Hicks stated that she lost control of her vehicle when she was forced to leave the road to avoid a head-on collision with a late model Chevrolet pick-up truck which was heading north on Cole Road and suddenly, without warning, crossed the center line and came into her lane of travel. The driver of the truck left the scene without stopping; his identity is unknown.

Plaintiff brought this action for personal injury and property damage against Ms. Hicks and Allstate Insurance Company (Allstate), issuer of plaintiff's uninsured motorist coverage, alleging the negligence of Ms. Hicks for driving into plaintiff's vehicle, and, in the alternative, alleging the negligence of an unidentified driver of a vehicle believed to be a Chevrolet pick-up truck for failing to keep right and forcing Ms. Hicks' vehicle off the road and into plaintiff's vehicle. Both Allstate and Ms. Hicks subsequently answered the complaint.

Following discovery, plaintiff moved for partial summary judgment against Allstate on the issue of uninsured motorist coverage by Allstate. On 29 May 1992, Judge Greeson entered partial sum-

**McNEIL v. HICKS**

[111 N.C. App. 262 (1993)]

mary judgment in favor of plaintiff, finding Allstate obligated to provide uninsured motorist coverage to satisfy any appropriate claim plaintiff may be awarded pursuant to her action. Judge Greeson certified his order for immediate appeal. Allstate entered a timely notice of appeal.

*David R. Tanis for plaintiff-appellee.*

*Henson, Henson, Bayliss & Sue, by Perry C. Henson, for defendant-appellant.*

WELLS, Judge.

The trial court's order appealed from in this case is interlocutory, as it does not dispose of the case as to all parties, leaving nothing to be judicially determined between them in the trial court. *See Veasey v. City of Durham*, 231 N.C. 354, 57 S.E.2d 375, *rehearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). As such, it is not immediately appealable unless it affects a substantial right of defendant Allstate. N.C. Gen. Stat. § 1-277 (1983); G.S. § 7A-27 (1989). The avoidance of one trial is not a substantial right entitling a party to an immediate appeal from an interlocutory order. *See Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240 (1980), and cases cited and discussed therein.

In this case, defendant Allstate will not lose its right to appeal if and when plaintiff is awarded damages for which defendant Allstate might be liable.

Even though the trial court certified its order as being immediately appealable, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure, such certification is not dispositional when the order appealed from is interlocutory. *Leasing Corp., supra.*

For the reasons stated, this appeal must be dismissed.

Dismissed.

Judges COZORT and JOHN concur.