FORREST L. BARTLETT, Plaintiff v. ELLIOTT W. JACOBS, JR., a/k/a RUSTY JACOBS, Defendant

No. COA96-127

(Filed 19 November 1996)

**1. Appeal and Error § 122 (NCI4th)— summary judgment— accounting negligence claim—counterclaim for unpaid fees—appeal of summary judgment not interlocutory**

Plaintiff's appeal of a summary judgment for defendant in a negligence action against an accountant arising from personal income tax preparation was not premature where the trial court certified that there was no just reason for delay and plaintiff's claim for professional negligence and defendant's counterclaim for unpaid fees are sufficiently intertwined so that a fair adjudication of one claim cannot be had without a contemporaneous presentment of the other. Plaintiff is entitled to immediate appellate review because the possibility of inconsistent verdicts from two trials on the same issue exists.

**Am Jur 2d, Appellate Review §§ 169, 170.**

**Tax preparer's liability to taxpayer in connection with preparation of tax returns. 81 ALR3d 119.**

**2. Accountants § 19 (NCI4th)— income tax preparation— failure to verify information—summary judgment for defendant improper**

Summary judgment for defendant in a negligence action arising from personal income tax preparation was improper where plaintiff alleged that defendant breached the standard of care owed by an accountant to a client by failing to verify the information regarding plaintiff's bank accounts and offered affidavits from those experienced in accounting that plaintiff had breached the standard of care. Additionally, defendant has not demonstrated that an essential element of plaintiff's claim is nonexistent.

**Am Jur 2d, Attorneys at Law §§ 56, 76, 108, 111; State and Local Taxation § 592.**

**Accountant's malpractice liability to client. 92 ALR3d 396.**

**3. Accountants § 19 (NCI4th)— negligent income tax preparation—failure of client to read return—summary judgment on contributory negligence—improper**

Summary judgment for defendant on a contributory negligence claim in a negligence action arising from personal income tax preparation was improper where plaintiff's affidavits raised an issue of fact in that he alleged that he would not have been able to understand the tax returns even if he had read them. Furthermore, defendant has not demonstrated that plaintiff will be unable to surmount the affirmative defense of contributory negligence.

**Am Jur 2d, Attorneys at Law §§ 56, 76, 108, 111; State and Local Taxation § 592.**

**Accountant's malpractice liability to client. 92 ALR3d 396.**

Appeal by plaintiff from order entered 5 January 1996 by Judge William C. Griffin in Camden County Superior Court. Heard in the Court of Appeals 9 October 1996.

*D. Keith Teague, P.A., by D. Keith Teague and Danny Glover, Jr., for plaintiff-appellant.*

*Twiford, Morrison, O'Neal, Vincent & Williams, L.L.P., by John S. Morrison, for defendant-appellee.*

WALKER, Judge.

Plaintiff filed this action against defendant for professional negligence arising out of defendant's preparation of plaintiff's personal income tax returns. Defendant answered alleging plaintiff's contributory negligence as an affirmative defense and counterclaimed for fees owed for the preparation of the returns. The trial court granted defendant's motion for summary judgment on the professional negligence claim; however, defendant's counterclaim remains pending.

Defendant is an accountant who owns a tax preparation business. Prior to opening his private practice, he was employed by the IRS as an individual tax auditor. Plaintiff has various business interests in horse racing, construction, real estate rentals and sales. Plaintiff alleges that because of his lack of knowledge of accounting or income tax preparation, he hired defendant to prepare his federal and state income tax returns from 1977 to 1991. Each year plaintiff

provided defendant with the financial information necessary for the preparation of the returns. When the returns were completed, defendant notified plaintiff who would then sign the tax forms.

The dispute in this case involves the failure to include some $900,000.00 of income in plaintiff's tax returns for the tax years 1988, 1989 and 1990. Due to these omissions, plaintiff was audited by the IRS and assessed with back taxes, interest and penalties in the amount of $211,389.47. During the years in question, plaintiff had two bank accounts: an operating account and a money market account. Defendant alleges he was informed by plaintiff that all of the income had been run through the operating account before being deposited in the money market account. Instead, defendant claims that large sums of money were deposited directly into the money market account without his knowledge. Each year after completing plaintiff's returns, defendant requested that plaintiff review the returns with him so that he could answer any questions plaintiff may have. According to defendant, plaintiff never reviewed these returns with defendant before signing them. Defendant claims that if plaintiff had reviewed the returns with him, plaintiff would have noticed the substantial omissions of income.

On the other hand, plaintiff alleges that even if he had reviewed the returns, he would not have noticed the omissions of income since he has no knowledge of accounting or income tax preparation. He claims that defendant breached the duty of care owed by an accountant to a client by not verifying the information regarding plaintiff's bank accounts. In opposition to the motion for summary judgment, plaintiff presented three affidavits of persons experienced in accounting and tax preparation, each expressing an opinion that defendant breached the standard of care.

[1] Plaintiff contends that the trial court erred in granting summary judgment because an issue of fact exists as to whether defendant breached the applicable standard of care. Before we address this issue, we must decide whether plaintiff's appeal is interlocutory and subject to dismissal. "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no

right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). There are two avenues by which an interlocutory judgment or order can be immediately appealed. First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal. N.C.R. Civ. P. 54(b). Second, an interlocutory order can be immediately appealed under N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1995) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Page*, 119 N.C. App. at 734, 460 S.E.2d at 334. A substantial right is affected if " 'there are overlapping factual issues between the claim determined and any claims which have not yet been determined' because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Liggett*, 113 N.C. App. at 24, 437 S.E.2d at 677.

In the present case, the trial court certified pursuant to Rule 54(b) that there was no just reason to delay plaintiff's appeal. In addition, as the trial court noted, plaintiff's claim for professional negligence and defendant's counterclaim for unpaid fees are sufficiently intertwined so that "a fair adjudication of one claim cannot be had without a contemporaneous presentment of the other." (R. at 36). In other words, an adjudication of plaintiff's negligence claim could determine the outcome of defendant's counterclaim for fees. Because the possibility of inconsistent verdicts from two trials on the same issues exists, plaintiff is entitled to immediate appellate review and his appeal is properly before this Court.

**[2]** Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The burden is on the moving party to demonstrate a lack of any triable issue. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). The moving party can meet its burden "by proving that an essential element of the opposing party's claims is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (citations omitted). Once the moving party meets its burden, the nonmoving party must make a forecast of the evidence demon-

**BARTLETT v. JACOBS**

[124 N.C. App. 521 (1996)]

strating the ability to present at least a *prima facie* case at trial. *Id.* "In ruling on the motion, the court must consider the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial." *Snipes v. Jackson*, 69 N.C. App. 64, 72, 316 S.E.2d 657, 661 (1984). Because summary judgment is a drastic remedy, it should be used with caution. *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979). This is especially true in negligence cases, where juries normally apply the reasonable person standard to the facts of each case. *Id.*

In this case, plaintiff alleges that defendant breached the standard of care owed by an accountant to a client by failing to verify the information regarding plaintiff's bank accounts. In support thereof, plaintiff offered the affidavits of Kathryn Blanchard, Ollin B. Sykes and Robert Gray, all of whom are experienced in accounting and familiar with the standard of care owed by an accountant. Each avers that defendant breached the applicable standard of care by failing to verify the information provided to him by plaintiff. Taken in the light most favorable to plaintiff, the evidence presented by plaintiff establishes that an issue of fact exists as to whether defendant breached the applicable standard of care. In addition, defendant has not demonstrated that an essential element of plaintiff's claim is nonexistent. Thus, summary judgment on this issue was improper.

**[3]** We must also address defendant's contributory negligence claim. In his affidavit, plaintiff states that he has no knowledge of accounting or income tax preparation. He claims that since he would not have been able to understand the tax returns even if he had read them, his failure to read the returns was not the proximate cause of his damages, and he therefore was not contributorily negligent.

Summary judgment is rarely appropriate on claims of contributory negligence. *Ballenger v. Crowell*, 38 N.C. App. 50, 53, 247 S.E.2d 287, 291 (1978). Summary judgment should not be allowed on a contributory negligence claim unless the only conclusion that can be reached from the evidence is that plaintiff was contributorily negligent. *Izard v. Hickory City Schools Board of Education*, 68 N.C. App. 625, 627-28, 315 S.E.2d 756, 758 (1984). Because plaintiff's affidavit disputes defendant's allegation of contributory negligence, an issue of fact exists. Furthermore, defendant has not demonstrated that plaintiff will be unable to surmount the affirmative defense of contributory negligence. Thus, the grant of summary judgment on this issue was also improper.

For the above reasons, we reverse the trial court's entry of summary judgment in favor of defendant.

Reversed and remanded.

Judges LEWIS and MARTIN, Mark D. concur.