DKH CORPORATION, a North Carolina Corporation v. RANKIN-PATTERSON OIL COMPANY, INC., a North Carolina Corporation

No. 353PA97

(Filed 9 July 1998)

**Appeal and Error § 92 (NCI4th)— lease agreement—multiple claims—summary judgment as to one—certification of no just reason for delay—appealable**

The Court of Appeals erred by dismissing as interlocutory an appeal from a summary judgment on one claim arising from a lease dispute where the trial court certified that there was no just reason for delay. In addition to appeals pursuant to N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d), N.C.G.S. § 1A-1, Rule 54(b) provides that in an action with multiple parties or multiple claims, if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay, the judgment is immediately appealable.

**DKH CORP. v. RANKIN-PATTERSON OIL CO.**

[348 N.C. 583 (1998)]

On discretionary review pursuant to N.C.G.S. § 7A-31(a) of a unanimous unpublished decision of the Court of Appeals, 126 N.C. App. 634, 487 S.E.2d 588 (1997), dismissing the plaintiff's appeal from an amended order allowing defendant's motion for summary judgment entered by Winner, J., on 7 October 1996 in Superior Court, Buncombe County. Heard in the Supreme Court 10 February 1998.

This case arises out of a dispute in regard to a lease agreement. The plaintiff, DKH Corporation, purchased from the defendant, Rankin-Patterson Oil Company, Inc., real property in Buncombe County containing a convenience store with gas pumps and tanks in June of 1990. On 1 July 1990, the two parties entered into a lease agreement under which the plaintiff agreed to operate the convenience store and gas station, while the defendant supplied the gasoline. A dispute arose between the parties, and the plaintiff filed this action asserting claims for: (1) unfair and deceptive practices in violation of N.C.G.S. § 75-5(b)(2), (2) breach of contract, (3) breach of fiduciary duty, (4) an accounting, (5) a declaratory judgment, and (6) injunctive relief.

The superior court granted the defendant partial summary judgment dismissing the plaintiff's unfair practice claim. The court certified "that there is no just reason for delay in entering this Order or the appeal therefrom."

The plaintiff appealed to the Court of Appeals, which dismissed the appeal as interlocutory. We granted the plaintiff's petition for discretionary review.

*Kelly & Rowe, P.A., by E. Glenn Kelly and James Gary Rowe, for plaintiff-appellant.*

*Roberts & Stevens, P.A., by Isaac N. Northup, Jr. and Christopher Z. Campbell, for defendant-appellee.*

WEBB, Justice.

The order of the superior court granting the defendant's motion for summary judgment did not dispose of all the claims in the case, making it interlocutory. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). This case brings to the Court a question as to the effect of N.C.G.S. § 1A-1, Rule 54(b) on an otherwise interlocutory appeal. This rule was adopted by the General Assembly pur-

**DKH CORP. v. RANKIN-PATTERSON OIL CO.**

[348 N.C. 583 (1998)]

suant to its power under Article IV, Section 12(2) of the Constitution of North Carolina, which provides that the General Assembly shall prescribe the appellate jurisdiction of the Court of Appeals. This rule provides:

> *Judgment upon multiple claims or involving multiple parties.*— When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

N.C.G.S. § 1A-1, Rule 54(b) (1990).

We have interpreted the effect of Rule 54(b) in several cases, *see Tridyn Indus., Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 490-91, 251 S.E.2d 443, 447 (1979); *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 109, 229 S.E.2d 297, 299 (1976); *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 125-26, 225 S.E.2d 797, 802-03 (1976). We have held that N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d) allow an appeal to be taken from an interlocutory order which affects a substantial right although the appeal may be interlocutory. In addition to the appeals pursuant to N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d), Rule 54(b) provides that in an action with multiple parties or multiple claims, if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay, the judgment is immediately appealable. The rule provides, "Such judgment shall then be subject to review by appeal . . . ." N.C.G.S. § 1A-1, Rule 54(b). We believe this language requires the appellate court to hear the appeal. It was error for the Court of Appeals not to do so.

We reverse the order of the Court of Appeals dismissing the appeal and remand to that court to decide the case on its merits.

REVERSED AND REMANDED.