CBP RESOURCES, INC., Plaintiff-Appellee v. MOUNTAIRE FARMS OF NORTH CAR-
OLINA, INC., MOUNTAIRE CORPORATION, MOUNTAIRE FARMS OF DEL-
MARVA, INC., MOUNTAIRE FEEDS, INC., MOUNTAIRE FARMS, L.L.C.,
Defendant-Appellants and PIEDMONT POULTRY PROCESSING, INC., f/k/a
Lumbee Farms Cooperative, Inc., PIEDMONT POULTRY COMPANY, INC., PIED-
MONT FEED MILLS, INC., PIEDMONT POULTRY FARMS, INC. and PIEDMONT
HATCHERIES, INC., Defendants

No. COA98-1169

(Filed 6 July 1999)

**Appeal and Error— appealability—Rule 54(b) certification—
not a final judgment—appeal dismissed**

> An appeal was dismissed where the trial court granted partial
> summary judgment on a contract action and certified the matter
> for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b), but
> the issue of damages remained to be determined. A Rule 54(b)
> certification is effective to certify an otherwise interlocutory
> appeal only if the trial court has entered a final judgment with
> regard to a party or a claim in a case involving multiple parties or
> claims. The certification here was ineffective because the issue of
> damages remained to be determined. Moreover, there was no dan-
> ger of inconsistent verdicts and no substantial right will be
> affected pending the trial court's consideration of the remaining
> issue.

Appeal by Mountaire defendants from judgment entered 26 May
1998 by Judge William H. Freeman in Guilford County Superior Court.
Heard in the Court of Appeals 29 April 1999.

*Smith Helms Mulliss & Moore, L.L.P., by Larry B. Sitton and
Manning A. Connors, for plaintiff-appellee.*

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Henry W. Jones, Jr.
and Laura J. Wetsch; and Brooks, Pierce, McLendon, Humphrey
& Leonard, L.L.P., by James T. Williams, Jr. and S. Kyle
Woosley, for Mountaire defendants-appellants.*

WALKER, Judge.

Plaintiff CBP Resources, Inc. (CBP) filed this action on 12
December 1996, alleging breach of contract against Mountaire Farms
of North Carolina, Inc., Mountaire Corporation, Mountaire Farms of
Delmarva, Inc., Mountaire Feeds, Inc., and Piedmont Poultry

Processing, Inc. f/k/a Lumbee Farms Cooperative, Inc. CBP later amended its complaint to include defendants Mountaire Farms, L.L.C., Piedmont Poultry Company, Inc., Piedmont Feed Mills, Inc., Piedmont Poultry Farms, Inc., and Piedmont Hatcheries, Inc. The Mountaire defendants filed a joint answer to the amended complaint. The Piedmont defendants have not filed any pleading and have not made an appearance in this matter.

CBP's claims arise from a contract made 29 January 1988 between CBP and Lumbee Farms Cooperative in which Lumbee agreed to sell the by-products of its poultry processing operations at its plant in Lumber Bridge, North Carolina to CBP. Lumbee was subsequently purchased by the Piedmont defendants which assumed the contract with CBP. In January 1996, Mountaire Farms of North Carolina, Inc. entered into an asset purchase agreement with the Piedmont defendants wherein it agreed to purchase certain assets including the Lumber Bridge plant. CBP alleges that Mountaire is bound by the contract to sell its poultry by-products to CBP. Mountaire contends that it did not expressly or impliedly assume the contract in the asset purchase agreement.

CBP filed a motion for partial summary judgment on the issue of liability, which was heard by the trial court on 7 May 1998. The trial court granted partial summary judgment for CBP and noted the following in its order:

> The Plaintiff's claims and the Defendants' affirmative defenses are so intertwined with the question of damages that a fair adjudication of these issues cannot be had without a contemporaneous presentment of the other, so that the substantial rights of these Defendants are affected, and immediate appeal pursuant to N.C. Gen. Stat. § 1-277 is warranted.

> There is no just reason to delay appeal of this matter, and this matter is therefore certified for immediate appeal pursuant to Rule 54(b); . . . .

We must first consider the issue of whether this appeal is properly before the Court. *See Bailey v. Gooding*, 301 N.C. 205, 270 S.E.2d 431 (1980). The trial court granted partial summary judgment for the plaintiff only on the issue of liability. "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677

(1993). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). The rule against interlocutory appeals seeks to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to bring a case to final judgment before its presentation to the appellate courts. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978). There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Bartlett v. Jacobs*, 124 N.C. App. 521, 523, 477 S.E.2d 693, 695 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 161 (1997) (citations omitted); N.C. Gen. Stat. § 1-277 (1996); N.C. Gen. Stat. § 7A-27 (1995).

However, a Rule 54(b) certification is effective to certify an otherwise interlocutory appeal only if the trial court has entered a final judgment with regard to a party or a claim in a case which involves multiple parties or multiple claims. *See DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 500 S.E.2d 666 (1998). Rule 54(b) certification of an appeal is reviewable by this Court "because the trial court's denomination of its decree 'a final . . . judgment does not make it so,' if it is not such a judgment." *First Atlantic Management Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (*quoting Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979)) (citations omitted). Thus, we must determine whether the partial summary judgment entered in favor of CBP was final or, in the alternative, whether a substantial right of the defendants will be affected absent immediate appellate review.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *rehearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). In this case, plaintiffs moved for summary judgment on the issue of liability; however, plaintiff's counsel admitted at the motion hearing that there were issues of material fact regarding damages which made it unsuitable for summary judgment. Because the issue of damages remains to be determined by the trial court, this is not a final judg-

ment and the trial court's Rule 54(b) certification is ineffective. *See, e.g., Cagle v. Teachy*, 111 N.C. App. 244, 431 S.E.2d 801 (1993); *McNeil v. Hicks*, 111 N.C. App. 262, 431 S.E.2d 868 (1993), *disc. review denied*, 335 N.C. 557, 441 S.E.2d 118 (1994).

Next, we determine whether a substantial right would be affected. The substantial right test is more easily stated than applied, and it is usually necessary to consider the facts and circumstances of each case along with its procedural context to apply the test. *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982). The test is satisfied when overlapping issues of fact between decided claims and those remaining create the possibility of inconsistent verdicts from separate trials. *Id.; Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 26, 376 S.E.2d 488, 492, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

Here, as the issue of liability has been determined, the only remaining issue is that of damages and there is no danger of inconsistent verdicts. *See, e.g., Industries, Inc.*, 296 N.C. 486, 251 S.E.2d 443; *McNeil*, 111 N.C. App. 262, 431 S.E.2d 868. Therefore, no substantial right will be affected pending the trial court's consideration of the remaining issue.

Furthermore, this case is distinguishable from both *Bartlett* and *DKH Corp.* In *Bartlett*, a substantial right—the possibility of inconsistent verdicts—was affected because the plaintiff's claim and defendant's counterclaim were "sufficiently intertwined so that 'a fair adjudication of one claim cannot be had without a contemporaneous presentment of the other.' " *Bartlett*, 124 N.C. App. at 524, 477 S.E.2d at 695-96. In this case, there is no counterclaim which remains to be determined. The only issue remaining is that of damages. In *DKH Corp.*, our Supreme Court interpreted Rule 54(b) noting it applies to cases which involve multiple claims or multiple parties. *DKH Corp.*, 348 N.C. at 585, 500 S.E.2d at 667. Here, there is but a single claim asserted against parties with interests so similar that they filed joint pleadings. Further, the judgment is not final as to any claims or parties.

In certifying the appeal, the trial court stated that plaintiff's claims and defendants' affirmative defenses were intertwined with the damages issue. However, we do not perceive this to be an impediment in a trial on the issue of damages.

For these reasons, this appeal is dismissed and the case is remanded to the trial court for further proceedings.

Dismissed and remanded.

Judges WYNN and HUNTER concur.