HUNTER-McDONALD, INC. v. EDISON FOARD, INC.

[157 N.C. App. 560 (2003)]

————————

HUNTER-McDONALD, INC., PLAINTIFF v. EDISON FOARD, INC., DEFENDANT

No. COA02-942

(Filed 6 May 2003)

**1. Appeal and Error— appealability—partial summary judgment—certification**

A summary judgment for defendant on one of two contract claims was immediately appealable where the trial court certified that there was no reason to delay entry of final judgment on such claim.

**2. Contracts— disputed final payment—summary judgment—burden of proof**

The trial court erred by granting summary judgment for defendant on a contract claim where a "full and final payment" was made, but there was nothing in the record to indicate that the parties disputed the amount due when that check was submitted. Under N.C.G.S. § 25-3-311(a)(ii), the person against whom a claim is asserted must prove that the claim was unliquidated or subject to a bona fide dispute prior to submission of the instrument representing full and final payment.

Appeal by plaintiff from judgment entered 24 April 2002 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 February 2003.

**HUNTER-McDONALD, INC. v. EDISON FOARD, INC.**

[157 N.C. App. 560 (2003)]

*Harkey Lambeth, L.L.P., by Jeffrey S. Williams-Tracy, for plaintiff-appellant.*

*Newitt & Bruny, by John G. Newitt, Jr., and Roger H. Bruny, for defendant-appellee.*

CALABRIA, Judge.

On 4 April 2001, Hunter-McDonald Inc., ("plaintiff"), a subcontractor, filed an amended complaint against Edison Foard, Inc., ("defendant"), a general contractor, for breach of two contracts. The first contract was pursuant to a written agreement for work performed at the Charlotte/Douglas International Airport ("the airport job"). The second contract was pursuant to an oral agreement for work performed at a job site referred to as ARC International ("the ARC job"). On 17 May 2001, defendant filed an answer and counterclaim asserting plaintiff had been overpaid for work on the ARC job. On 18 March 2002, defendant motioned for summary judgment on all claims. On 24 April 2002, Judge Robert P. Johnston ("Judge Johnston") granted summary judgment for defendant on plaintiff's first claim regarding the airport job, but denied summary judgment on the remaining claim and counterclaim concerning the ARC job. Plaintiff appeals.

[1] "The order of the superior court granting the defendant's motion for summary judgment did not dispose of all the claims in the case, making it interlocutory." *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 584, 500 S.E.2d 666, 667 (1998). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999).

> Notwithstanding this cardinal tenet of appellate practice, immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. [N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001)] . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a 'substantial right.' [N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2001).]

*Id.*, 351 N.C. at 161-62, 522 S.E.2d at 579.

> When more than one claim for relief is presented in an action, . . . the court may enter a final judgment as to one or more

but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal[.]

N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001). In the case at bar, after determining summary judgment was proper on the airport job claim, Judge Johnston stated, "[i]t appear[s] to the Court that there is no reason for delaying entry of the final judgment on the Plaintiff's First Claim for Relief." This statement certifies the judgment is subject to immediate appeal pursuant to Rule 54(b). N.C. Gen. Stat. § 1A-1, Rule 54(b); *See also Pitt v. Williams*, 101 N.C. App. 402, 399 S.E.2d 366 (1991) (holding that where the trial court did not determine there was "no just reason for delay" no immediate right of appeal exists.)

**[2]** Plaintiff appeals asserting the trial court erred in granting summary judgment for defendant. "Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. . . . [T]he evidence is viewed in the light most favorable to the non-movant." *Bostic Packaging, Inc. v. City of Monroe*, 149 N.C. App. 825, 830, 562 S.E.2d 75, 79, *disc. review denied*, 355 N.C. 747, 565 S.E.2d 192 (2002).

The trial court determined summary judgment was proper because the claim was discharged pursuant to N.C. Gen. Stat. § 25-3-311 (2001). The statute provides, in pertinent part:

(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) . . . the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

N.C. Gen. Stat. § 25-3-311 (a)-(b)[1]. Reading these subsections together, defendant bore the burden of proving: (1) defendant in good

---

1. Neither subsection (c) nor subsection (d) were asserted to apply. Subsection (c) provides a claim is not discharged if the claimant is an organization and proves that

faith tendered an instrument to the claimant as full satisfaction of the claim; (2) the instrument or an accompanying written communication contained a conspicuous statement stating it was tendered as full satisfaction of the claim; (3) the claim was unliquidated or subject to a bona fine dispute; and (4) plaintiff obtained payment of the instrument.

Defendant contends it satisfied the statutory requirements by submitting to plaintiff payment for the airport job on 8 October 1999 in the form of a check for $11,500.00, with an attached stub which read as follows: "MEMO : FULL AND FINAL PAYMENT ON US AIRWAYS TRAVEL CLUB[.]" Although plaintiff admits it obtained payment by this instrument, plaintiff contends summary judgment was improper because a genuine issue of material fact remains regarding whether (1) the claim was unliquidated or subject to a bona fine dispute; (2) the instrument submitted in full satisfaction of the claim contained a conspicuous statement stating such; (3) defendant tendered the instrument in good faith. Plaintiff is correct.

First, regarding whether the claim was unliquidated or subject to a bona fide dispute as required by N.C. Gen. Stat. § 25-3-311(a)(ii). "Section 3-311 does not apply to cases in which the debt is a liquidated amount and not subject to a bona fide dispute. Section (a)(ii). Other law applies to cases in which a debtor is seeking discharge of such a debt by paying less than the amount owed." N.C. Gen. Stat. § 25-3-311, Official Comment 4. Therefore, the "person against whom a claim is asserted" must prove, *inter alia*, that "the amount of the claim was unliquidated or subject to a bona fide dispute" prior to submission of the instrument representing full and final payment. N.C. Gen. Stat. § 25-3-311(a). *See also Futrelle v. Duke University*, 127 N.C. App. 244, 249-50, 488 S.E.2d 635, 639 (1997) ("[t]he requirement, that a dispute exist, is satisfied in that, *prior to payment* of this amount, the parties disputed what remedy, if any, plaintiff was entitled to receive[.]" (emphasis added)). It is not enough for defendant to demonstrate the parties presently disagree as to the amount due, but rather defendant must prove "the amount of the claim *was* unliquidated or subject to a bona fide dispute[.]" N.C. Gen. Stat. § 25-3-311(a)(ii) (emphasis added).

within a reasonable time before the tender, the claimant sent a conspicuous statement to the defendant that any instrument tendered as full satisfaction of a debt must be sent to a designated person and this instruction was not followed. Subsection (d) provides a claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument, the claimant knew the instrument was in full satisfaction of the claim.

It is unclear from the record on appeal whether this claim was unliquidated or subject to a bona fide dispute prior to defendant's submission of the check as full and final payment. Despite sketches, invoices, bills and checks comprising the record on appeal, there is nothing in the record to indicate the parties disputed the amount due prior to 8 October 1999 when defendant submitted the check in "full and final payment" of work on the airport job. It is apparent the parties *now* disagree, as plaintiff claims defendant still owes plaintiff $34,325.00 and defendant asserts it overpaid by $15,295.00. However, defendant failed to meet its burden pursuant to N.C. Gen. Stat. § 25-3-311 to prove "the amount of the claim was unliquidated or subject to a bona fide dispute[.]" Therefore, the trial court improperly granted summary judgment as a genuine issue of material fact exists.

Defendant failed to meet its burden of proving the claim was subject to a bona fide dispute prior to submission of payment, pursuant to N.C. Gen. Stat. § 25-3-311(a)(ii). Therefore, we hold the trial court improperly granted summary judgment. Accordingly, we need not reach plaintiff's remaining assignments of error that defendant also failed to prove the instrument was tendered in good faith, as required by N.C. Gen. Stat. § 25-3-311(a)(i), and the statement on the check stub was not conspicuous, as required by N.C. Gen. Stat. § 25-3-311(b).

Reversed.

Judges McCULLOUGH and TYSON concur.