TANDS, INC., PLAINTIFF v. COASTAL PLAINS REALTY, INC., DEFENDANT

No. COA08-1143

(Filed 17 November 2009)

**1. Appeal and Error— interlocutory orders—partial summary judgment—intertwined with remaining issues**

An appeal from an interlocutory order was dismissed in an action involving default on a commercial real property lease where the court granted partial summary judgment for defendant on mitigation of damages, but the issues of overage rent and the amount of defendant's potential liability were "hopelessly intertwined" with the duty to mitigate and remained unresolved.

**2. Appeal and Error— interlocutory orders—partial summary judgment—different result from new trial—distinct from inconsistent verdicts**

Plaintiff was not entitled to appellate review of a partial summary judgment based on the possibility of inconsistent verdicts. A different result from a new trial granted after the current trial is distinct from the possibility of inconsistent verdicts in multiple trials.

Appeal by plaintiff from order entered 17 June 2008 by Judge Paul L. Jones in Lenoir County Superior Court. Heard in the Court of Appeals 26 February 2009.

TANDS, INC. v. COASTAL PLAINS REALTY, INC.

[201 N.C. App. 139 (2009)]

*White & Allen, P.A., by John P. Marshall, for plaintiff-appellant.*

*Hopf & Higley, P.A., by Donald S. Higley, II, for defendant-appellee.*

JACKSON, Judge.

Tands, Inc. ("plaintiff") appeals the 17 June 2008 order denying its motion for partial summary judgment and granting partial summary judgment in favor of Coastal Plains Realty, Inc. ("defendant"). For the following reasons, we dismiss.

On 19 December 1980, plaintiff and Eastern Realty Company ("Eastern") entered into a contractual agreement concerning the leasing of certain property located on Memorial Drive in Greenville, North Carolina, owned by Eastern, for the purpose of plaintiff's operating a Bojangles Famous Chicken'n Biscuits restaurant ("Bojangles"). Plaintiff operated the Bojangles, and on 8 May 2001, plaintiff and Eastern's successor in title, defendant, signed an Extension of lease agreement. This new agreement extended the term of the lease for an additional ten years. The agreement provided that "[e]xcept as modified by this Extension of lease agreement, each and every provision of the original lease shall remain in full force and effect."

The lease agreement set forth two different types of rent to be paid by plaintiff to defendant. An Annual minimum rent, related to the value of the land, was to be paid in monthly installments. In addition to the Annual minimum rent, an Overage rent was to be paid. The Overage rent was comprised of a percentage of plaintiff's gross receipts from the operation of the business. Plaintiff also was required to pay additional rents related to other expenses as they occurred (*e.g.*, taxes and insurance).

On 15 December 2006, plaintiff ceased operating its Bojangles restaurant and abandoned the property, having made plans to move its Bojangles operation to a different location in Greenville. The abandonment constituted an "Event of default" as defined by the original lease agreement and incorporated into the Extension of lease agreement. Pursuant to the original lease agreement, a default resulted in the remainder of all rent owed for the duration of the ten-year lease period to become "at once due and payable without notice or demand." Additionally, once a default occurred, defendant gained a right of ejectment and could relet the property.

TANDS, INC. v. COASTAL PLAINS REALTY, INC.

[201 N.C. App. 139 (2009)]

It is undisputed that plaintiff has not paid in full the remainder of money owed for the ten-year lease. There is an apparent discrepancy between the parties as to whether plaintiff has continued to pay defendant the Minimum Annual Rent as though plaintiff had not defaulted or whether these payments ended between 2006 and 2008.

On 23 July 2007, plaintiff filed an action for declaratory judgment. Plaintiff asked the trial court to determine defendant's duty to mitigate its damages and plaintiff's responsibilities concerning payment of Overage rent. Plaintiff also challenged the legitimacy of the rent acceleration, suggesting that rent should be paid into an escrow account, so as to better serve public policy and to better determine the rent owed after mitigation. Defendant filed a counterclaim on 15 August 2007 seeking immediate payment of the Annual minimum rent, estimated Overage rent, and other Additional rents, totaling $516,647.22. Each party requested that costs be charged against the opposing party.

On 21 April 2008, plaintiff filed a Motion for Partial Summary Judgment, stating that there is no genuine issue of material fact concerning whether or not plaintiff is required to pay Overage rent for the duration of the lease and that the trial court should rule in its favor on that issue. Plaintiff and defendant filed cross-motions for partial summary judgment on the issue of mitigating damages, agreeing that no genuine issue of material fact exists on that issue. On 17 June 2008, the trial court granted defendant's motion for partial summary judgment, finding as a matter of law that defendant did not have a duty to mitigate damages. In the same judgment, the trial court denied plaintiff's motion for summary judgment, stating that the absence of language concerning overage rent payments after an event of default created a material issue of fact concerning the intent of the parties. Plaintiff appeals the order, challenging the granting of defendant's motion for partial summary judgment and the denial of both of plaintiff's motion for partial summary judgment. Pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, the trial court granted certification on both issues, stating there was no just reason to delay appeal.

[1] Initially, we note that the trial court's order does not resolve all issues between the parties. The trial court's order, therefore, is not a final judgment. A final judgment "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court[;]" an order which does not do so is interlocutory. *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

*See also* N.C. Gen. Stat. § 1A-1, Rule 54 (2007); *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). Interlocutory orders generally are not reviewable by this Court. *See Liggett*, 113 N.C. App. at 23, 437 S.E.2d at 677. Our Supreme Court has explained that "[t]he purpose of this rule is 'to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard.'" *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578-79 (1999) (quoting *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)); *accord Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). "'[T]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.'" *Sharpe*, 351 N.C. at 161, 522 S.E.2d at 579 (quoting *Veazey*, 231 N.C. at 363, 57 S.E.2d at 382).

There are two ways by which an interlocutory order may be appealed.

First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims . . . and the trial court certifies there is no just reason to delay the appeal [pursuant to North Carolina Rules of Civil Procedure, Rule 54(b)]. Second, an interlocutory order can be immediately appealed under [North Carolina General Statutes, section] 1-277(a) (1983) and 7A-27(d)(1) (1995) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. rev. denied*, 345 N.C. 340, 483 S.E.2d 161 (1997) (citations and internal quotation marks omitted).

With respect to a trial court's certification pursuant to Rule 54(b), our Supreme Court has explained that "[w]hen the trial court certifies its order for immediate appeal under Rule 54(b), appellate review is mandatory." *Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579 (citing *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998)). "Nonetheless," the Court continued, "the trial court may not, by certification, render its decree immediately appealable if '[it] is not a final judgment.'" *Id.* (quoting *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983)). *See also Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 491, 251 S.E.2d 443,

447 (1979) ("*Tridyn Industries*") ("That the trial court declared it to be a final, declaratory judgment does not make it so."). Therefore, we have held that " '[t]he trial court's determination that there is no just reason to delay the appeal, while accorded great deference, . . . cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.' " *Bumpers v. Cmty. Bank of N. Va.*, 196 N.C. App. 713, 717, 675 S.E.2d 697, 699 (2009) (quoting *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998)) (citations omitted).

In *Bumpers*, we recently explained that "[North Carolina Rules of Civil Procedure, Rule 54(b)] contemplates the entry of a judgment as to fewer than all claims or parties. It does not contemplate the fragmentation of the claims themselves or provide for the immediate appeal of less than the entire claim." *Bumpers*, 196 N.C. App. at 717, 675 S.E.2d at 700 (internal citation omitted). We further explained that in *Tridyn Industries*, "[o]ur Supreme Court . . . stated '[t]he cases uniformly hold' that 'a partial summary judgment entered for plaintiff on the issue of liability only leaving for further determination at trial the issue of damages' is not immediately appealable." *Id.* (citing *Tridyn Industries*, 296 N.C. at 492, 251 S.E.2d at 448).

In the case *sub judice*, the trial court granted defendant's motion for partial summary judgment on plaintiff's claim that defendant had a duty to mitigate its damages. The trial court also denied plaintiff's motion for partial summary judgment on the issues of (1) defendant's duty to mitigate, and (2) the overage rent sought by defendant. Pursuant to the trial court's Rule 54(b) certification, plaintiff appealed to this Court, and defendant filed a motion to dismiss plaintiff's appeal. In plaintiff's reply to defendant's motion, plaintiff initially relies upon appellate jurisdiction pursuant to the trial court's Rule 54(b) certification, but plaintiff also alleges that jurisdiction lies pursuant to North Carolina General Statutes, section 1-277, arguing that a substantial right exists that will be lost absent immediate review. In this argument, plaintiff concedes that the issue of whether defendant has an obligation to mitigate its damages is "hopelessly intertwined" with the question of plaintiff's possible liability for overage rent. We agree, but it is for that reason that we are unable to review the matter notwithstanding the trial court's certification pursuant to Rule 54(b). *See Bumpers*, 196 N.C. App. at 717, 675 S.E.2d at 699; *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998). *See also Sharpe*, 351 N.C. at 162, 522

S.E.2d at 579 ("[T]he trial court may not, by certification, render its decree immediately appealable if '[it] is not a final judgment.' ") (citation omitted); *Tridyn Industries*, 296 N.C. at 491, 251 S.E.2d at 447 ("That the trial court declared it to be a final, declaratory judgment does not make it so.").

The trial court's granting, in defendant's favor, the parties' motions for partial summary judgment as to defendant's duty to mitigate is tantamount to an establishment of plaintiff's liability on that issue. Because the issues of overage rent and the amount of plaintiff's potential liability (*i.e.*, defendant's possible damages award) remain unresolved, and because defendant's purported duty to mitigate damages is indeed "hopelessly intertwined" with the amount and correctness of a damages award, we grant defendant's motion to dismiss plaintiff's appeal as interlocutory. *See Bumpers*, 196 N.C. App. at 718, 675 S.E.2d at 700 ("Our Supreme Court . . . stated '[t]he cases uniformly hold' that 'a partial summary judgment entered for [a party] on the issue of liability only leaving for further determination at trial the issue of damages' is not immediately appealable." (quoting *Tridyn Industries*, 296 N.C. at 492, 251 S.E.2d at 448)).

[2] Plaintiff also argues that it is entitled to appellate review of this interlocutory appeal because, without immediate review, plaintiff will be denied a substantial right. Plaintiff cites *Dalton Moran Shook, Inc. v. Pitt Dev. Co.*, 113 N.C. App. 707, 440 S.E.2d 585 (1994), in support of its argument that the prospect of two trials with inconsistent verdicts may constitute a denial of a substantial right. In *Dalton*, we interpreted established precedent:

> Our Supreme Court has held that the right to avoid the possibility of two trials on the same issues can be a substantial right so as to warrant an immediate appeal under G.S. § 1-277 and G.S. § 7A-27(d). *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982). Plaintiff contends that its claims against Wachovia and Hill involve issues of fact common to its claims against the other defendants and that if this appeal is dismissed, separate trials will be required to determine the identical issues. We agree.

*Dalton*, 113 N.C. App. at 710-11, 440 S.E.2d at 588.

In *Green v. Duke Power Co.*, 305 N.C. 603, 607, 290 S.E.2d 593, 596 (1982), the Supreme Court held and explained

> that no substantial right would be lost by Duke's inability to take an immediate appeal from the summary judgment against it. If

Duke were to win in the principal action, Duke would have no right to appeal. G.S. 1-271 (only an aggrieved party may appeal). If Duke were to lose, its exception to the entry of summary judgment would fully and adequately preserve its right to thereafter seek contribution.

Under other circumstances third party defendants might be free at a subsequent trial to deny Duke's liability to plaintiffs Green, leaving the jury in the contribution trial free to find that Duke was not liable to plaintiffs Green despite a finding by a different jury in the principal case that Duke was liable. Such might be the case, for example, if third party defendants had never been brought into the principal action, or if, upon being impleaded, they had asserted as a defense to Duke's third party complaint that Duke was not liable in negligence to plaintiffs Green. We are faced with neither of these situations herein. The answers in instant case have already been filed. Both third party defendants alleged in their answers that "the active and primary negligence of Duke Power Company is pleaded in bar of Duke Power Company's claim for contribution from this defendant." Neither asserted in the alternative that Duke was not liable to plaintiffs Green for negligence.

*Id.*

We are not persuaded by plaintiff's argument that it will be denied a substantial right absent immediate appellate review. As in *Green*, plaintiff's right to appellate review may be preserved by an exception to the judgment. However, unlike *Green* and *Dalton*, plaintiff would not be subjected to inconsistent verdicts in multiple trials. Rather, plaintiff seeks to truncate the current proceedings and avoid the possibility of a new trial in the event that one should be granted upon plaintiff's anticipated appeal at the conclusion of the current proceedings. If plaintiff appeals the judgment rendered at the conclusion of the current trial, and if the appeal granted plaintiff a new trial, plaintiff may prevail pursuant to a favorable verdict and judgment. That a *different* result—one favorable to plaintiff—*may* be achieved in the event of a new trial is distinct from the possibility of being subjected to *inconsistent* verdicts in multiple trials, and therefore, plaintiff will not suffer the loss of a substantial right absent immediate review. The possibility of a protracted litigation cycle is a risk inherent in our legal system, and the desire to truncate the process does not give rise to a substantial right.

Accordingly, without review available pursuant to the trial court's Rule 54(b) certification or on account of the loss of a substantial right absent immediate review, we hereby grant defendant's motion to dismiss plaintiff's interlocutory appeal.

Dismissed.

Judges STEPHENS and STROUD concur.