An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-13

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014


NEWBRIDGE BANK (formerly LEXINGTON
STATE BANK),
    Plaintiff,

v.                                    Davidson County
                                      No. 09 CVS 184
R.C. KOONTS and SONS MASONRY,
INC., DAVID CRAIG KOONTS, ROY
CLIFTON KOONTS, III, AND EDITH L.
KOONTS,
    Defendants.


Appeal by defendants from orders entered 26 October 2012 and 2 July 2013 by Judge Theodore S. Royster, Jr. in Davidson County Superior Court. Heard in the Court of Appeals 6 May 2014.

> *BIESECKER, TRIPP, SINK & FRITTS, L.L.P., by Roger S. Tripp, for plaintiff.*
>
> *Stephen E. Lawing for defendants.*


ELMORE, Judge.


R.C. Koonts and Sons Masonry, Inc., David Craig Koonts, Roy Clifton Koonts, III, and Edith L. Koonts (collectively defendants) appeal the 26 October 2012 order granting partial

summary judgment in favor of Newbridge Bank (plaintiff), formerly Lexington State Bank (LSB), and the 2 July 2013 order denying defendants' motion for relief from judgment. For the reasons stated below, we dismiss.

## I.   Background

A brief summary of the relevant facts in the instant case are as follows: R.C. Koonts and Sons Masonry, Inc. (the corporate defendant) executed a promissory note on 22 November 2004 (the 2004 Note) in favor of LSB for Loan No. 1203499-9015. The principal amount of the loan was $417,306.14. The 2004 Note consolidated the corporate defendant's then-existing indebtedness, including but not limited to, the indebtedness under a previous promissory note executed 22 April 2002 by the corporate defendant in favor of LSB. The 2004 Note listed a maturity date of 2 June 2005. However, the corporate defendant extended the maturity of the 2004 Note to 2 August 2010 when it executed a subsequent promissory note on 27 July 2005 (the 2005 Note). The July 2005 Note specified that it was a renewal, not a satisfaction, of Loan No. 1203499-9015.

Defendants ceased making payments on the July 2005 Note in May 2008. Accordingly, plaintiff declared the remaining balance on the 2005 Note of $396,257.72 immediately due and payable.

The record discloses that one or more of the defendants possibly entered into a Commercial Security Agreement granting LSB a security interest in a 1997 Trail King Trailer and certain inventory, accounts receivable, machinery, and equipment. These items were allegedly pledged as collateral to secure the corporate defendant's indebtedness, whether then existing or thereafter arising. It is further alleged that plaintiff did in fact seize certain assets to secure the loan balance.

On 5 October 2012, the parties filed cross-motions for summary judgment in Davidson County Superior Court. On 26 October 2012, the trial court entered an order partially granting summary judgment in favor of plaintiff, finding that defendants were jointly and severally liable on the 2004 Note, renewed by the 2005 Note. The trial court also found that there was a genuine issue of material fact as to the amount of damages owed by each defendant to plaintiff. In that same judgment, the trial court denied defendants' motion for summary judgment, which was premised on defendants' argument that there was no genuine issue of material fact as to defendants' claim for damages for the deterioration and detention of certain seized assets. On 7 November 2012, defendants filed a motion for

relief from the trial court's 26 October 2012 order. The trial court denied defendants' motion in an order filed 2 July 2013.

Defendants appeal the 26 October 2012 order granting partial summary judgment in favor of plaintiff and the 2 July 2013 order denying their motion for relief from judgment. Pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, the trial court certified both orders for immediate appellate review, i.e., it found that there was no just reason for delay of the entry of a final judgment. On 14 March 2014, plaintiff moved to dismiss defendants' appeal on grounds that the orders from which defendants appeal are interlocutory and therefore not subject to immediate review by this Court. Alternatively, defendants argue that they are entitled to appellate review based solely on the fact that the trial court certified its orders pursuant to Rule 54(b).

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 488, 251 S.E.2d 443, 445 (1979) (quotation and citation omitted.) "[A]n interlocutory order can be immediately appealed if the order is final as to some but not

all of the claims . . . and the trial court certifies there is no just reason to delay the appeal [pursuant to North Carolina Rules of Civil Procedure, Rule 54(b)]." *Tands, Inc. v. Coastal Plains Realty, Inc.,* 201 N.C. App. 139, 142, 686 S.E.2d 164, 166 (2009) (citations and internal quotation marks omitted). Our Supreme Court has explained that "[w]hen the trial court certifies its order for immediate appeal under Rule 54(b), appellate review is mandatory." *Id.* at 142, 686 S.E.2d at 166 (2009) (citation and quotation omitted). However, our Supreme Court further clarified that, while we afford great deference to a trial court's certification pursuant to Rule 54(b), "the trial court may not, by certification, render its decree immediately appealable if [it] is not a final judgment." *Id.* at 142, 686 S.E.2d at 166-67 (citation and quotation omitted).

> Notwithstanding this cardinal tenet of appellate practice, immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. N.C.G.S. § 1A-1, Rule 54(b) (1990); *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998); *Oestreicher v. American Nat'l Stores*, 290 N.C. 118, 121-22, 225 S.E.2d 797, 800 (1976). When the trial court certifies its order for immediate appeal under Rule 54(b), appellate review is mandatory. *DKH Corp.,*

> 348 N.C. at 585, 500 S.E.2d at 668.
> Nonetheless, the trial court may not, by
> certification, render its decree immediately
> appealable if "[it] is not a final
> judgment." *Lamb v. Wedgewood South Corp.,*
> 308 N.C. 419, 425, 302 S.E.2d 868, 871
> (1983); see *Tridyn Indus. v. American Mut.
> Ins. Co.,* 296 N.C. 486, 491, 251 S.E.2d 443,
> 447 (1979) ("That the trial court declared
> it to be a final, declaratory judgment does
> not make it so."). Second, immediate appeal
> is available from an interlocutory order or
> judgment which affects a "substantial
> right." N.C.G.S. § 1-277(a) (1996); N.C.G.S.
> § 7A-27(d)(1) (1995); *Bowden v. Latta*, 337
> N.C. 794, 796, 448 S.E.2d 503, 505 (1994);
> *Oestreicher*, 290 N.C. at 124, 225 S.E.2d at
> 802.

*Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

In the instant case, the trial court's partial summary judgment order provides that defendants R.C. Koonts and Sons Masonry, Inc., Roy Clifton Koonts, III, and David Craig Koonts are jointly and severally liable to plaintiff on the issue of liability and "that this action shall be tried by a jury on the issue of the amount owed by the [d]efendants to the [p]laintiff." Therefore, defendants appeal from a grant of

partial summary judgment which expressly settles the issue of liability but leaves the issue of the amount owed by defendants to plaintiff unresolved. Neither the trial court's partial summary judgment order nor Judge Royster's order denying relief from partial summary judgment are final judgments. Instead, both orders are interlocutory and not subject to immediate appellate review. *See Steadman v. Steadman*, 148 N.C. App. 713, 714, 559 S.E.2d 291, 292 (2002) ("It is well settled that a judgment which determines liability but which leaves unresolved the amount of damages is interlocutory and cannot affect a substantial right."); *see also Tridyn Indus.* at 492, 251 S.E.2d at 448 (holding that a partial summary judgment order entered in favor of the plaintiff on the issue of liability, leaving for further determination only the issue of damages, is not immediately appealable by the defendant).

Given that Judge Royster's orders are not final judgments, the trial court's certification of them pursuant to Rule 54(b) does not render them immediately appealable. In *Tands*, this Court dismissed the defendant's appeal as interlocutory, despite the trial court's certification for immediate review per Rule 54(b), "because the issues of overage rent and the amount of plaintiff's potential liability (i.e., defendant's possible

damages award) remain[ed] unresolved[.]" 201 N.C. App. at 144, 686 S.E.2d at 167. As in *Tands*, defendants in the instant case have appealed from interlocutory orders which leave unresolved the issue of defendants' potential liability (i.e. defendants' possible damages award). Accordingly, we grant plaintiff's motion to dismiss defendants' appeal as interlocutory.

Dismissed.

Judges McGEE and HUNTER concur.

Report per Rule 30(e).